**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-00348-MSK-KLM**

**DAVID B. CALDWELL,**

        **Plaintiff,**

v.

**RENT A CENTER, INC. – 192; and
DENNIS HANAGAN,**

        **Defendants.**

_____

**OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION**
_____

       **THIS MATTER** comes before the Court pursuant to the Defendants' Motion To Dismiss, Or In the Alternative, To Stay Proceedings and Compel Arbitration **(# 11)**. The *pro se* Plaintiff has filed no response to this motion.

       The Plaintiff's *pro se* Complaint alleges that he was formerly an employee of Defendant Rent-A-Center, and that the Defendants unlawfully discriminated against him on the basis of a disability in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*; on the basis of his race in violation of Title VII, 42 U.S.C. § 2000e *et seq.*; and in retaliation for his having made a worker's compensation claim in violation of C.R.S. § 8-40-101 *et seq.*

       The Defendants move to compel the Plaintiff to arbitrate his claims according to the terms of a written agreement the parties entered into on or about July 30, 2008. That agreement states that "the Company and I mutually consent to the resolution by arbitration of all claims or controversies . . . arising out of or related to . . . the termination of my assignment/employment."

The agreement extends to Rent-A-Center, as well as to "its officers, directors, employees, or agents in their capacity as such," and thus, the Defendants argue, runs to Defendant Hanagan as well. The agreement states that claims subject to arbitration include "tort claims for discrimination (including, but not limited to, race, sex, . . . worker's compensation, . . . handicap or disability)."

Under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, the Court may compel parties to arbitrate a dispute upon finding: (i) the parties entered into a valid arbitration agreement; and (ii) the relevant dispute falls within the terms of that agreement. *See e.g. National American Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004). The Defendants here contend that the written arbitration agreement tendered here is valid, and the Plaintiff has not offered any argument in response. On such a record, this Court can only observe that the document tendered by the Defendants, on its face, appears to be a valid contract, insofar as it recites specific terms embodying agreements by both sides, acknowledges the existence of consideration exchanged by the parties, and is signed by the Plaintiff. Accordingly, the Court finds that, at least facially, the arbitration agreement appears to be valid and enforceable (although the Court does not make any findings as to the validity of any of the provisions contained therein were such provisions to be challenged).

The Court further finds that, in the absence of any opposition, the Plaintiff's claims fall within the terms of the agreement to arbitrate. Although the Court has some reservations as to the precise meaning of the phrase "tort claims of discrimination," and whether that phrase can be understood to encompass claims of discrimination cognizable under federal statutes, it has no argument to that effect in front of it and it will not make that argument *sua sponte* on the

Plaintiff's behalf.  A colorable interpretation of that phrase would bring within it all of the claims asserted by the Plaintiff here and thus, in the absence of opposition, the Court finds that the Plaintiff's claims fall within the scope of the agreement to arbitrate.

Accordingly, the Defendants' Motion **(# 11)** is **GRANTED**, insofar as the Court directs that the Plaintiff proceed to arbitrate all claims in this action in accordance with the procedures outlined in the parties' agreement.  Pursuant to 9 U.S.C. § 3, the Court **STAYS**[1] this action in its entirety pending the parties' submission of the disputes herein to arbitration; such stay shall remain in effect until the parties have submitted the matter to arbitration, at which time the stay shall automatically lift and the case shall be dismissed.  It appearing that there will be no need for further judicial administration of this case, the Clerk of the Court shall close this case.

Dated this 5th day of March, 2012

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge

---

[1] Contrary to the Defendants' argument, this Court does not read *Williams v. Imhoff*, 203 F.3d 758, 764 (10th Cir. 2000), as standing for the proposition that "when all of a plaintiff's claims are arbitrable, a stay is not necessary, and the legal action should be dismissed." Indeed, in *Williams*, the court directed a stay of the proceedings pending arbitration in accordance with 9 U.S.C. § 3.